UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UPT POOL LTD., <br><br> Plaintiff, <br><br> -against- <br><br> DYNAMIC OIL TRADING (SINGAPORE) PTE., LTD., O.W. BUNKER USA INC., O.W. BUNKER NORTH AMERICA INC., O.W. BUNKER HOLDING NORTH AMERICA INC., HARLEY MARINE SERVICES, INC., ING BANK N.V. <br><br> Defendants. | 14-CV-9262 (VEC) |
| BIRCH SHIPPING LTD., <br><br> Plaintiff, <br><br> -against- <br><br> O.W. BUNKER CHINA LTD. (HK), O.W. BUNKER USA INC., O.W. BUNKER NORTH AMERICA INC., O.W. BUNKER HOLDING NORTH AMERICA INC., O.W. BUNKER & TRADING A/S, CHEMOIL LATIN AMERICA, INC., ING BANK N.V., <br><br> Defendants. | 14-CV-9282 (VEC) |
| CLEARLAKE SHIPPING PTE LTD., <br><br> Plaintiff, <br><br> -against- <br><br> O.W. BUNKER (SWITZERLAND) SA, O.W. BUNKER USA INC., O.W. BUNKER NORTH AMERICA INC., O.W. BUNKER HOLDING NORTH AMERICA INC., WESTOIL MARINE SERVICES, INC., ING BANK N.V., <br><br> Defendants. | 14-CV-9286 (VEC) |

| | |
|---|---|
| CLEARLAKE SHIPPING PTE LTD,<br><br>Plaintiff,<br><br>-against-<br><br>O.W. BUNKER (SWITZERLAND) SA, O.W. BUNKER USA INC., O.W. BUNKER NORTH AMERICA INC., O.W. BUNKER HOLDING NORTH AMERICA INC., NUSTAR ENERGY SERVICES INC., ING BANK N.V.,<br><br>Defendants. | 14-CV-9287 (VEC) |
| BONNY GAS TRANSPORT LIMITED, as owner of the LNG FINIMA (IMO No. 7702401),<br><br>Plaintiff,<br><br>-against-<br><br>O.W. BUNKER GERMANY GMBH, NUSTAR TERMINALS MARINE SERVICES N.V., NUSTAR ENERGY SERVICES, INC., ING BANK N.V.,<br><br>Defendants. | 14-CV-9542 (VEC) |
| MT CAPE BIRD TANKSCHIFFAHRTS GMBH & CO. KG, individually and on behalf of M/T CAPE BIRD (IMO No. 9260067),<br><br>Plaintiff,<br><br>-against-<br><br>O.W. USA INC., O.W. NORTH AMERICA INC., HARLEY MARINE SERVICES, INC., ING BANK N.V.,<br><br>Defendants. | 14-CV-9646 (VEC) |

| | |
|---|---|
| SHV GAS SUPPLY & RISK MANAGEMENT SAS and EXMAR SHIPPING BVBA, as owner of the WAREGEM (IMO No. 9659127),<br><br>                                                            Plaintiffs,<br><br>          -against-<br><br>OW BUNKER USA, INC., OW BUNKER HOLDING NORTH AMERICA INC., OW BUNKER NORTH AMERICA INC., NUSTAR ENERGY SERVICES, INC.,  ING BANK NV,<br><br>                                                            Defendants. | 14-CV-9720  (VEC) |
| HAPAG-LLOYD AKTIENGESELLSCHAFT,<br><br>                                                            Plaintiff,<br><br>          -against-<br><br>U.S. OIL TRADING L.L.C., O.W. BUNKER GERMANY GMBH, O.W. BUNKER & TRADING A/S, ING BANK N.V., and CREDIT AGRICOLE S.A.,<br><br>                                                            Defendants. | 14-CV-9949 (VEC) |
| OSG SHIP MANAGEMENT, INC., and 1372 TANKER CORPORATION as owner of the M/V OVERSEAS MULAN (IMO NO. 9230880),<br><br>                                                            Plaintiffs,<br><br>          -against-<br><br>O.W. BUNKER USA INC., OW BUNKER MIDDLE EAST DMCC, CHEMOIL CORPORATION, CHEMOIL MIDDLE EAST DMCC, GPS CHEMOIL LLC FZC, and ING BANK NV,<br><br>                                                            Defendants. | 14-CV-9973 (VEC) |

| | |
|---|---|
| HAPAG-LLOYD AKTIENGESELLSCHAFT,<br><br>                                      Plaintiff,<br><br>                 -against-<br><br>O'ROURKE MARINE SERVICES L.P., L.L.P., O.W. BUNKER GERMANY GMBH, O.W. BUNKER USA, INC., ING BANK N.V.,<br><br>                                   Defendants. | 14-CV-10027 (VEC) |
| CONTI 149 CONTI GUINEA, individually and on behalf of M/T CONTI GUINEA (IMO No. 9391402),<br><br>                                    Plaintiff,<br><br>                 -against-<br><br>O.W. BUNKER PANAMA S.A., O.W. BUNKER USA INC., CLEMENTI PARK SHIPPING CO. PTE LTD., ING BANK N.V.,<br><br>                                   Defendants. | 14-CV-10089 (VEC) |
| NYK BULK & PROJECT CARRIERS LTD., individually and on behalf of M/V OCEAN FRIEND (IMO No. 9401829),<br><br>                                    Plaintiff,<br><br>                 -against-<br><br>O.W. BUNKER USA INC., NUSTAR ENERGY SERVICES, INC., HARLEY MARINE GULF, INC., ING BANK N.V.,<br><br>                                   Defendants. | 14-CV-10090 (VEC) |

| | |
|---|---|
| NIPPON KAISHA LINE LIMITED, individually and on behalf of M/V RIGEL LEADER (IMO No.9604940),<br><br>              Plaintiff,<br><br>    -against-<br><br>O.W. BUNKER USA INC., NUSTAR ENERGY SERVICES, INC., KIRBY INLAND MARINE LP, ING BANK N.V.,<br><br>              Defendants. | 14-CV-10091 (VEC) |

**SUBMISSION OF ING BANK N.V. PURSUANT TO THE COURT'S
DECEMBER 19 AND DECEMBER 31, 2014 ORDERS**

Interpleader Defendant ING Bank N.V., ("ING Bank" or the "Bank")[1], by and through its attorneys, for its submission in response to this Court's December 19 and December 31, 2014 Orders requesting briefing on the question set forth below, states as follows:

**PRELIMINARY STATEMENT**

ING Bank is by far the largest creditor of the O.W. Bunker Debtors (as that term is defined below), and among the largest creditors of their non-debtor affiliates following the collapse of their global businesses. The Bank's interests in these interpleader actions (should they continue) are the same as their interests in the disposition of the debtors' U.S. bankruptcy cases pending in the District of Connecticut: ING Bank supports an orderly process conducted by a court or courts of competent jurisdiction with respect to all parties, whereby the rights, claims

---

[1] ING Bank is the coordinator, agent, and security agent under that certain USD 700,000,000 Multicurrency Revolving Borrowing Base Facilities Agreement, dated December 19, 2013 (the "Credit Agreement"), and related guaranty, pledge, and security agreements, including that certain English Omnibus Security Agreement, dated December 13, 2013 (the "Security Agreement," and together with the Credit Agreement and all other related guaranty, pledge, and security agreements, as amended, the "Finance Documents") made with, *inter alia*, Defendants O.W. Bunker USA, Inc. and O.W. Bunker North America Inc. (together with O.W. Bunker Holding North America Inc., the "O.W. Bunker Debtors").

1

and interests of the Bank and other parties can be adjudicated fully and fairly.  The actions among the parties so far have led to the unusual and potentially inefficient situation of competing interpleaders, *in rem* ship arrests, attempts at the arrest of already interpleaded funds, all during the pendency of the debtors' bankruptcy cases (with attendant questions as to where and before whom those proceedings will continue).  Similar proceedings are also pending in non-U.S. jurisdictions where similarly situated parties have sought the adjudication of their rights (including through interpleader actions and arbitration) in the face of competing claims and interests arising out of the collapse of the global O.W. Bunker business.  While some competing and potentially conflicting proceedings may be inescapable, the Bank supports an orderly and efficient process grounded in proper jurisdiction of the courts that will reduce potential procedural chaos, if possible.

ING Bank has consistently stated that all of these cases are in their infancy, and that none of the courts involved should act precipitously in a way that unfairly advances or prejudices the rights of the parties impacted by any of these proceedings, prior to the parties having a full and fair opportunity to litigate the relevant issues in the proper forum.

Accordingly, ING Bank makes this submission without prejudice to any subsequent claims, defenses and arguments, or responses to any claims, defenses or arguments asserted by any party.  The Bank makes this limited submission to identify for the Court certain areas of concern and issues that should be addressed and resolved to the Court's satisfaction to ensure a proper and efficient adjudication of these cases, such that no party is prejudiced by a premature discharge of liability or adjudication of the underlying merits of the parties' claims.

**PROCEDURAL BACKGROUND**

By Order dated December 19, 2014 (the "December 19 Order"), this Court requested briefing on the question "whether it is proper for the Court to permit Plaintiff vessel owners or charterers to initiate interpleader actions with injunctive relief under circumstances where the vessel at issue has not yet arrived, and is not scheduled to imminently arrive, at a port in this District" from counsel for parties in *SHV Gas Supply & Risk Management SAS et al v. O.W. Bunker USA Inc. et al.* (14-cv-9720) (the "SHV Action"), *Hapag-Lloyd Aktiengesellschaft v. U.S. Oil Trading L.L.C. et al.* (14-cv-9949) (the "Hapag U.S. Oil Action"), and any other case presenting a similar factual scenario.  December 19 Order at ¶ 2 (Docket No. 17 in Case No. 14-cv-9262).  The Court reserved all parties' rights and defenses on the merits of these actions and whether they have properly been maintained, stating "[n]o defenses will be waived by virtue of filing briefs as directed in this Order."  *Id.* at ¶ 3.

By letter dated December 23, 2014, counsel for Plaintiffs in the SHV Action "consulted with counsel for NuStar, US Oil, and plaintiffs in all cases, and copy here counsel for other parties to the pending interpleader actions who may be similarly [situated] to either NuStar or plaintiffs" and proposed that "the opening brief by NuStar and such other defendants as may join be submitted on January 14, 2015 and the responsive brief by SHV and Exmar, and such other plaintiffs as may join be submitted on February 4, 2015."  Letter from A. Pincus to Hon. Valerie E. Caproni (12/23/2014) at 2 (Docket No. 24 in Case No. 14-cv-9720).

By Order dated December 31, 2014 (the "December 31 Order"), the Court granted the request by Plaintiffs' counsel in the SHV Action for approval of the briefing schedule in counsel's letter of December 23, 2014, ordering that "[a]ll counsel in the above-captioned cases wishing to present arguments relating to the Court's jurisdiction over vessels located outside this

3

District, including counsel for parties in cases filed after the issuance of the Court's Order of December 19, 2014, are encouraged to participate in this briefing." December 31 Order at ¶ 1 (Docket No. 20 in Case No. 14-cv-9262).

## DISCUSSION

ING Bank makes this submission to preserve its rights, claims and defenses in these actions, including, without limitation, its claims and rights arising under any of the Finance Documents as against any of the O.W. Bunker Debtors or any property that is subject to or deemed subject to such claims and rights (including all rights of assignment and security), and that the rank and priority of creditors with respect to any funds or property deposited in these actions with the Court during the pendency of any actions or proceedings is determined in a full and fair manner before a court of competent jurisdiction.

**A.    Applicable Law**

    1.    ***In rem* Jurisdiction May Not Be Required**

In an *in rem* action, the court's jurisdiction "depends on the court's having jurisdiction over the *res*, the property which is named as defendant." *R.M.S. Titanic, Inc. v. Haver*, 171 F.3d 943, 964 (4th Cir. 1999); *see also Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1171 (11th Cir. 2011) (quoting *R.M.S. Titanic, Inc. v. Haver* and finding that "[o]nly if the court has exclusive custody and control over the property does it have jurisdiction over the property so as to be able to adjudicate rights in it that are binding against the world."); *Mackensworth v. S.S. Am. Merchant*, 28 F.3d 246, 252 (2d Cir. 1994) ("Subject matter jurisdiction in an *in rem* action in admiralty lies in the district court where the vessel or other *res* is located."). "Accordingly, to exercise *in rem* jurisdiction over a ship or its cargo, the ship or cargo must be within the district in which the *in rem* complaint is filed." *R.M.S. Titanic*, 171 F.3d at 964.

Where an *in rem* action has been commenced and the ship owner identifies substitute security that is satisfactory to the parties or the court, *in rem* jurisdiction can also be proper upon consent. *See Farwest Steel Corp. v. Barge Sea-Span 241*, 828 F.2d 522, 524 (9th Cir. 1987). In that circumstance *in rem* jurisdiction may be maintained over a letter of undertaking or other security posted *in lieu* of a vessel arrest. *See American Bank of Wage Claims v. Registry of District Court of Guam*, 431 F.2d 1215, 1218 (9th Cir. 1970) ("[W]here a vessel is the target of an *in rem* action in admiralty, it must both be within the territorial jurisdiction of court hearing the cause and subject to the order of the court through process of arrest. The proceeds from the judicial sale of a vessel, or security furnished in lieu thereof, are deemed a jurisdictional substitute for the vessel itself.").

In circumstances where the subject vessels are not located in the jurisdiction and there has not been consent to jurisdiction, "traditional principles of *in rem* jurisdiction dictate that the court may not adjudicate rights to the *res* and effectively bind others who may have possession." *R.M.S. Titanic, Inc.*, 171 F.3d at 964. The Court's ability to exert jurisdiction over property is thus limited to the property found within the district, and it does not have subject matter jurisdiction *in rem* over any property located elsewhere. *See id.*

Accordingly, it would not presently appear that this court has *in rem* jurisdiction in a case where there is no *res* before it. That said, this Court may not need *in rem* jurisdiction in order to proceed with the adjudication of the parties' rights in these interpleader actions.

2. **The Court's Interpleader Jurisdiction May Be Sufficient**

The Court's interpleader jurisdiction obtains from 28 U.S.C. § 1335, which provides in relevant part that "[t]he district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person…having in his or its custody or possession money or property of the value of $500 or more…if (1) Two or more

5

adverse claimants, of diverse citizenship…are claiming or may claim to be entitled to such money or property…; and if (2) the plaintiff has deposited such money or property or has paid…the amount due under such obligation into the registry of the court, there to abide the judgment of the court…"

The Court's power to enjoin proceedings in an interpleader action derives from 28 U.S.C. § 2361, in that, in an interpleader action, a district court "may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court."

There of course are limits to the scope of injunctive relief properly maintainable pursuant to 28 U.S.C. § 2361. Injunctions or stays granted pursuant to that provision must not be "overbroad" because the interpleader action "was never intended…to be an all-purpose 'bill of peace.'" *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 534-535 (1967). ("[T]he mere existence of such a fund cannot, by use of interpleader, be employed to accomplish purposes that exceed the needs of orderly contest with respect to the fund."); *see also United States Fire Ins. Co. v. Asbestospray, Inc.*, 182 F.3d 201, 211 (3d Cir. 1999) (limiting injunction to exclude litigation outside the scope of the interpleader action in light of the "limited nature of the interpleader device"). Nonetheless, "[t]he court's jurisdiction in a federal statutory interpleader action is not limited to the stake deposited with the court…but extends to separate causes of action against the stakeholder for damages over which the court also has subject matter jurisdiction." *See Buckeye State Mut. Ins. Co. v. Moens*, 944 F. Supp. 2d 678, 688 (N.D. Iowa 2013).

In certain of these actions, the interpleader Plaintiffs have sought or may seek to be discharged from liability immediately upon deposit of interpleaded funds into the registry of the Court.  Certain parties have also suggested that any such funds should be declared substitute *res* for any potential *in rem* actions against affected vessels.  Both determinations at this time are premature.  In all of these cases, the interpleader Plaintiffs' allegations have yet to be tested and litigated, and the alleged maritime lien claims of certain defendants have yet to be determined on their particular facts.  To the extent that the Court determines that it has proper jurisdiction to adjudicate these actions, and the parties' entitlements to any funds held on deposit with the Court, the Bank submits that any order entered by this Court (i) granting any plaintiff a discharge of obligations or (ii) decreeing that any funds deposited with the Court are substitute *res* to secure potential *in rem* actions (if any) must await an adjudication of the issues on the merits and the parties' respective claims and defenses.

## CONCLUSION

ING Bank respectfully submits this limited statement of concerns and issues in response to the Court's December 19 and December 31, 2014 Orders and otherwise expressly reserves all of its rights, claims, defenses and arguments in these the actions (and any subsequently commenced actions seeking similar relief) and against all parties in interest and persons and requests that the Court grant it such other relief as the Court deems just and proper.

Dated: New York, New York
January 14, 2015

>Respectfully submitted,
>
>SEWARD & KISSEL LLP
>
>By: /s/ Bruce G. Paulsen
>Bruce G. Paulsen
>Brian P. Maloney
>One Battery Park Plaza
>New York, New York 10004
>(212) 574-1200
>
>*Attorneys for ING Bank N.V.*

SK 28644 6324489

8