**Montgomery McCracken Walker & Rhoads LLP**
427 Madison Avenue, 29th Floor
New York, New York 10022
(212) 867-9500

Attorneys for Defendants
O.W. BUNKER HOLDING NORTH AMERICA INC.
O.W. BUNKER NORTH AMERICA INC.
O.W. BUNKER USA INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SHV GAS SUPPLY & RISK MANAGEMENT SAS
and EXMAR SHIPPING BVA, as owner
of the WAREGEM (IMO NO. 9659127),

Plaintiffs,

-against- 14 Civ. 9720 (VEC)

O.W. BUNKER USA, INC., O.W. BUNKER
HOLDING NORTH AMERICA, INC., O.W.
BUNKER NORTH AMERICA, INC., NUSTAR
ENERGY SERVICES, INC.,
and ING BANK NV,

Defendants.
-----------------------------------------------------------X
UPT POOL LTD.,

Plaintiff,

-against- 14 Civ. 9262 (VEC)

DYNAMIC OIL TRADING (SINGAPORE) PTE
LTD., O.W. BUNKER USA INC.,
O.W. BUNKER NORTH AMERICA INC.,
O.W. BUNKER HOLDING NORTH AMERICA
INC., HARLEY MARINE SERVICES, INC.,
and ING BANK N.V.,

Defendants.
-----------------------------------------------------------X

-------------------------------------------------------------X
BIRCH SHIPPING LTD.,

Plaintiff,

-against- 14 Civ. 9282 (VEC)

OW BUNKER CHINA LTD.(HK), O.W. BUNKER USA, INC., O.W. BUNKER NORTH AMERICA, INC., O.W. BUNKER HOLDING NORTH AMERICA, INC., O.W. BUNKER AND TRADING A/S, CHEMOIL LATIN AMERICA INC., and ING BANK NV,

Defendants.
-------------------------------------------------------------X
HAPAG-LLOYD AKTIENGSELLSCHAFT.,

Plaintiff,

-against- 15 Civ. 190 (VEC)

O.W. BUNKER NORTH AMERICA, INC., O.W. BUNKER GERMANY GMBH, O.W. BUNKER USA, INC., and ING BANK N.V.,

Defendants.
-------------------------------------------------------------X

**MEMORANDUM OF LAW BY O.W. BUNKER HOLDING NORTH AMERICA INC., O.W. BUNKER NORTH AMERICA INC., AND O.W. BUNKER USA INC. PURSUANT TO THE COURT'S ORDER DATED FEBRUARY 20, 2015**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................ 1

POINT I THIS COURT HAS SUBJECT MATTER JURISDICTION ..................................... 3

1. The Interpleader Statute is designed to avoid a multiplicity of suits ......... 4

2. The amount of security deposited by Plaintiffs in each interpleader action exceeds Defendants' *in rem* claims in each interpleader action ........................................................................................ 5

3. No party has appeared in the interpleader actions seeking to assert *in personam* claims .................................................................... 6

4. Defendants have filed motions seeking to arrest the securities deposited by Plaintiffs as if the securities were substitutes for the vessels ........................................................................................ 7

5. This Court has the power under 28 U.S.C. § 1335 to require the proper amount of security ........................................................... 7

CONCLUSION........................................................................................................ 9

**TABLE OF AUTHORITES**

**Cases**

*Ashton v. Josephine Bay Paul et al.*,
918 F. 2d 1065 .......... 4

*Bankers Trust Co. v. Crawford*,
559 F. Supp 1359 (W.D.N.Y. 1983). .......... 5

*Buckeye State Mut. Ins. Co. v. Moens*,
944 F. Supp. 2d 678 (N.D. Iowa 2013). .......... 4

*Cargill Americas, Inc. v. Baker, Carver & Morrell, et al.*,
1979 A.M.C. 446 (S.D.N.Y. 1978)(not officially reported) .......... 5, 8

*Dakota Livestock Co. v. Keim*,
552 F.2d 1302 (8th Cir. 1977) .......... 2

*LaMarcha v. Metropolitan Life Ins. Co.*
236 F. Supp 2d. 50 (D. Me 2002) .......... 5

*State Farm Fire & Cas. Co. v. Tashire*,
386 U.S. 523 (1967) .......... 3, 5

**Statutes**

28 U.S.C. § 1333. .......... 1, 4

28 U.S.C. § 1335. .......... 1, 2, 5, 7

28 U.S.C. § 2361 .......... 1

**PRELIMINARY STATEMENT**

O.W. Bunker Holding North America Inc., O.W. North America Inc., and O.W. Bunker USA Inc. ("Debtors")[1], by their attorneys, Montgomery McCracken Walker & Rhoads, LLP, submit this Memorandum of Law[2] pursuant to the Court's Order dated February 20, 2015 ("Order") (Docket No. 47).[3] In accordance with the Order, this memorandum addresses the issue of whether this Honorable Court has subject matter jurisdiction over all interpleader actions, commenced pursuant to 28 U.S.C. § 1333 and 28 U.S.C. § 1335, identified in the Order.

Debtors respectfully submit that subject matter jurisdiction is proper and, therefore, the Court has authority under 28 U.S.C. § 2361 to enjoin all defendants from arresting vessels when the vessels' Owners or Charterers have posted security in these proceedings.

NuStar Energy Services, Inc. and U.S. Oil Trading LLC's (hereinafter "Defendants") opposition to subject matter jurisdiction in these interpleader actions, as explained in their Memorandum of Law dated February 27, 2015, comes down to a single point: That the security which has been posted by Plaintiffs in the various interpleader actions is insufficient in quantum because the interpleader actions address both *in rem* and *in personam* claims. Therefore, the security "due under such obligation" as provided for in 28 U.S.C. § 1335 requires separate security for both the *in personam* and *in rem* claims (Def.'s Mem. p. 3).

[1] The Debtors filed voluntary petitions under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Connecticut on November 13, 2014. The Debtors' cases are being jointly administered for procedural purposes only under the caption *In re O.W. Bunker North America Inc.*, Case No. 14-51720 (AHWS). The last four digits of Debtors' taxpayer identification numbers follow in parentheses: O.W. Bunker Holding North America Inc. (7474), O.W. Bunker North America Inc. (7158), and O.W. Bunker USA Inc. (3556). The Debtors' address is 281 Tresser Boulevard, 2 Stamford Plaza, 15th Floor, Stamford, CT 06901.

[2] This Brief's caption is limited to the cases in which the Debtors have appeared, but it equally applies to all other cases captioned in the Court's Order.

[3] References herein to "Dkt.__" are to the docket in the case styled *SHV Gas Supply & Risk Management SAS v. O.W. Bunker USA, Inc*, 14 Civ. 9720 (S.D.N.Y.). References to "Def. Mem." are to the Joint Memorandum of Law of NuStar Energy Services, Inc. and U.S. Oil Trading LLC filed on February 27, 2015.

The faults with this argument are that (1) the Interpleader Statute is designed to avoid a multiplicity of suits, (2) the amount of security deposited by Plaintiffs in each interpleader action exceeds Defendants' *in rem* claims in each interpleader action, (3) to date, no party has appeared in the interpleader actions seeking to assert *in personam* claims, (4) Defendants have filed motions seeking to arrest the securities deposited by Plaintiffs as if the securities were substitutes for the vessels, and (5) in any event, this Court has the power under 28 U.S.C. § 1335 to require the proper amount of security.

It is submitted that what Defendants' truly seek is to have their claims resolved in their "home courts" without being confronted with Debtors' competing *in rem* claims arising from the same supply of bunkers,[4] all in hope of obtaining disparate outcomes from the various district courts and avoiding the Debtors' bankruptcy action. This result would undoubtedly lead to overlapping litigation with potentially inconsistent and unfair outcomes.

Defendants continue to argue that Plaintiffs' deposit of substitute security with the Court cannot create *in rem* jurisdiction when the vessels were not physically arrested within the jurisdiction and Defendants, as "claimants," did not consent to the proffered security. Debtors rely upon their previous Memo of Law dated February 4, 2015, in reference to this Court's question of December 19, 2014, regarding the propriety of issuing injunctive relief under circumstances where the subject vessels have not yet arrived.

However, it should be noted that the Defendants' argument that *claimants* must consent to interpleader jurisdiction such that the security voluntarily offered by the vessel owners and charterers in this Court is simply absurd. Fundamentally, it is the vessel owners and charterers

[4] Defendants suggest that the *in personam* claims will be made by "generally, the O.W. Bunker entities." Def. Mem Law p. 3. In fact, Debtors have filed only *in rem* counterclaims against the interpleader security. (Dkt. 47).

that have the right to avoid jurisdiction by keeping the vessel outside of the district. Therefore it is the *vessel owners and charterers* who must consent to providing security in a district that their vessels have not entered. For Defendants to ignore more than $24 million dollars in substitute security that the vessel owners and charterers have voluntarily consented to post in this jurisdiction, simply to satisfy their postulated need to achieve some metaphysically pure *in rem* concept of jurisdiction over the shipowners' vessels, is unfounded, unreasonable, and pointless. All that would be accomplished by Defendants' pursuing arrest actions in district courts across the United States, when and if those vessels do arrive within those districts, would be to require that the vessel owners post substitute security under Supplemental Admiralty Rule E.[5] Defendants' insistence on waiting for vessels to arrive, commencing multiple lawsuits, arresting vessels, and litigating to judgment in multiple jurisdictions defies logic, efficiency, uniformity, judicial and client economics, and plain old common sense.

**POINT I**

**THIS COURT HAS SUBJECT MATTER JURISDICTION**

The Interpleader Statute is designed to protect stakeholders from multiple suits. *Dakota Livestock Co. v. Keim*, 552 F.2d 1302, 1306 (8th Cir. 1977); accord *State Farm Fire & Cas. Co.*

[5] Defendants at footnote 8 of their Memorandum of Law cite to two cases in which Debtors commenced arrest actions against vessels in districts other than the Southern District of New York, allegedly contrary to the forum selection clause within the Debtors' contract terms and conditions. It should be noted that Debtors' contract terms and conditions state that any disputes relating to maritime liens "shall be submitted to the United States District Court for the Southern District of New York" regardless of the "port, place, or anchorage within the United States" where the arrest action was commenced. In other words, the Debtors' contract terms and conditions contemplate commencing arrest actions in another district. Moreover, after the subject arrest actions were commenced but before the vessels could be arrested, Debtors notified the vessels' owners and charterers of the pending arrest actions (a commercially reasonable thing to do), and the vessels' owners and charterers then chose to invoke the Interpleader Statute, commence interpleader actions, and deposit interpleader security. Debtors, now having the benefit of the interpleader security as a substitute for the vessel, did not and have not arrested the subject vessels in another district. *See*, *e.g.*, *O.W. Bunker USA Inc. v. M/V BOX* TRADER, No. 15 Civ 176 (C.D. Cal) (the arrest action) and *Hapag-Lloyd Aktiengsellschaft v. O.W. Bunker North America Inc.*, No. 15 Civ. 190 (S.D.N.Y.) (the subsequent interpleader).

*v. Tashire*, 386 U.S. 523, 530 (1967) (explaining that the legislative purpose of the statute is "broadly to remedy the problems posed by multiple claimants to a single fund"). This is exactly the result that has been sought by the Plaintiffs in commencing interpleaders before this Court. The interpleader complaints state, in one way or another, what has been stated, for example, in the pleadings of *SHV Gas Supply & Risk Management SAS v. O.W. Bunker USA Inc.*, No. 14 Civ. 9720 (S.D.N.Y.):

> 49. The competing claims of the Defendants or other third parties may expose SHV and the Vessel and Vessel owner to multiple liabilities in connection with the payment of the Disputed Funds in order to extinguish competing maritime lien claims and/or other *in personam* or non-maritime claims.

Moreover, the court's jurisdiction under the Interpleader Statute is not limited to only the security deposit, but extends to "separate causes of action against the stakeholder for damages over which the court also has subject matter jurisdiction." *Buckeye State Mut. Ins. Co. v. Moens*, 944 F. Supp. 2d 678, 688 (N.D. Ia. 2013). There should be no dispute, and indeed Defendants have not challenged, that the claims for non-payment of necessaries provided to a vessel falls within the maritime jurisdiction of the federal court *See*, 28 U.S.C. § 1333.

**1. The Interpleader Statute is Designed to Avoid a Multiplicity of Suits**

The fact that an interpleader complaint alleges that claims arise from multiple sources does not prevent the use of the Interpleader Statute. In *Ashton v. Josephine Bay Paul et al.*, 918 F.2d 1065, 1069 (2d Cir. 1990), the Second Circuit held that,

> Nor are appellants correct in asserting that interpleader jurisdiction must involve claims arising out of a common source of right or entitlement. Section 1335's plain terms provide for interpleader jurisdiction even where "the title or claims of the conflicting claimants do not have a common origin."

Indeed, the mere filing of an interpleader action does not insulate the stakeholder from alternative claims or theories, but rather serves to avoid having to litigate those separate claims in separate courts. *LaMarcha v. Metropolitan Life Ins. Co*. 236 F. Supp 2d. 50 (D. Me. 2002). Consequently, the Interpleader Statute "is to be liberally construed to protect a stakeholder for the expense of defending more than one action." *Bankers Trust Co. v. Crawford*, 559 F. Supp 1359, 1362 (W.D.N.Y. 1983).

There is nothing in the federal Interpleader Statute, 28 U.S.C. § 1335, which excludes maritime or *in rem* causes of action. To the contrary, Interpleader actions have been used in maritime claims. *Cargill Americas, Inc. v. Baker, Carver & Morrell*, 1979 A.M.C. 446 (S.D.N.Y. 1978) (not officially reported).

The Interpleader Statute explicitly provides that this court shall have "original jurisdiction over any civil action of interpleader," subject to three conditions: (1) the amount at stake money or property that is more than $500, (2) there must be two or more averse claimants, of diverse citizenship, that are claiming to the money or property, and (3) the plaintiff has deposited the money or property due under such obligation into the registry of the court. There is no doubt that the claims in each of the subject interpleader matters are far in excess of $500 (*See*, Exh. A to Debtors' Memo of Law dated Feb. 4, 2015), and each of the pleadings allege that there is the "minimal diversity" required under the Interpleader Statute. *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523 (1967).

**2. The Amount of Security deposited by Plaintiffs in each Interpleader Action Exceeds Defednats' *In Rem* Claims in each Interpleader Action**

Where there is a chain of suppliers, and Defendants such as NuStar represent only the physical supplier, the Defendants' invoice value for the bunkers does not reflect the amounts owed under the contract suppliers' and intermediate suppliers' invoices. In fact, the contract

suppliers' invoices to vessels is usually greater than the Defendants' invoice for the same bunkers. Vessel owners and charterers have provided security based upon the contract suppliers' relatively greater invoice amount, which is more than Defendants' invoices for the same bunkers. An example of this type of transaction occurred within the case captioned on the face of Defendants' Memo of Law. In *SHV Gas Supply & Management v. OW Bunker, et al*., 14 Civ. 9720 (VEC), (Dkt. 26), Defendant NuStar answered paragraph 54 of Plaintiff's Complaint by stating:

> NuStar admits that the amount of funds deposited in the registry of the Court, $552,862.20 is more than the $520,571.54 which is the base amount of NuStar's claim. NuStar denies the remainder of the allegations in paragraph 54 of the Interpleader Complaint.

In sum, the amounts of security posted by the Plaintiffs in the Interpleader actions in this Court are greater than the amounts of the *in rem* claims being made by the Defendants. Consequently, the security posted in the interpleader actions appears sufficient, and if this Court deems it insufficient, the Court may require additional security as it deems necessary.

### 3. No Party Has Appeared in the Interpleader Actions Seeking to Assert *In Personam* Claims

While Defendants are concerned that separate security should be posted to cover the *in personam* actions that may arise against the security posted by the Plaintiffs, the fact is that the only parties to have appeared and made claims against the security are Defendants and Debtors, both of whom assert *in rem* claims. While there is always the *possibility* that *in personam* claims may be filed by third parties, the fact is that the situation has not yet occurred and therefore is speculative.

**4.     Defendants have Filed Motions Seeking to Arrest the Securities Deposited by Plaintiffs as if the Securities were Substitutes for the Vessels**

Defendants filed a Motion pursuant to Supplemental Admiralty Rule C on December 29, 2014, in *SHV Gas Supply & Management v. O.W. Bunker USA Inc.*, 14 Civ. 9720 (S.D.N.Y.) (VEC) (Dkt. 27), seeking to "arrest the interpleader funds on deposit in the registry of the Court in this case in order to enforce NuStar's maritime lien claim on the funds because the funds stand as the substitute res for the (vessel) M/V Waregem."  Such action is an admission by Defendants that the security posted by Plaintiffs in the Interpleaders is indeed substitute security for all *in rem* claims.  This is contrary to the assertion in Defendants' Memo of Law in opposition to subject matter jurisdiction (Dkt. 80) that "plaintiffs overlook that the 'full security' deposited with the court responds only to the obligation of the vessel owners and/or charterers *in personam*—not the separate and distinct obligation of the subject vessels *in rem*."

Defendants cannot have it both ways.  They cannot argue that security for *in rem* claims is lacking in the interpleader actions, but seek to arrest of the same security as if it were a substitute for the *res*.

**5.     This Court has the Power Under 28 U.S.C. § 1335 to Require the Proper Amount of Security**

Even if inadequate security was posted by the Plaintiffs, that should not defeat subject matter jurisdiction as the federal Interpleader Statute provides the Court with the power to require additional security.  The final line of 28 U.S.C. § 1335(a)(1) provides that:

> "…or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy".

Given that restraints on the Registry of the Court, Plaintiffs obviously could not deposit the property (i.e. vessels) with the Court.  Hence, the above quoted-line of the statue comes into

play when the "money or property" cannot be deposited into the registry. While most Plaintiffs have deposited actual cash rather than a bond in these interpleader actions, certainly this Honorable Court continues to have the discretion to fashion "such amount and with such surety as the court or judge may deem proper." That discretion can be exercised at a later date, so there is no prejudice to Defendants. By the same token, given the court's power to exercise its discretion as to the amount of security, the contention by Defendants that there is currently inadequate security does not remove the Court's subject matter jurisdiction.

Debtors' position is supported by *Cargill Americas, Inc. v. Baker, Carver & Morrell*, 1979 A.M.C. 446 (S.D.N.Y. 1978) (not officially reported), in which a defendant requested that an interpleader action be dismissed because the security deposited with the court was insufficient, but Senior District Judge Haight[6] allowed Plaintiff an opportunity to amend its complaint and deposit the correct amount of security.

[6] Senior District Judge Haight, a former maritime attorney, was appointed to Southern District of New York, but currently sits by designation in the District of Connecticut.

## CONCLUSION

For the reasons stated above, Debtors respectfully submit that this Honorable Court has subject matter jurisdiction over the Interpleader action filed by Plaintiffs under 28 U.S.C. § 1333 and 28 U.S.C. § 1335 and, therefore, has the power to enjoin defendants from enforcing their *in rem* claims against those vessels for whom Plaintiffs have filed their interpleaders and posted security so as to avoid the multiplicity of arrest actions against Plaintiffs' vessels.

Dated: New York, New York
March 6, 2015

**Montgomery McCracken Walker & Rhoads LLP**
Attorneys for Defendants
OW BUNKER HOLDING NORTH AMERICA, INC.
OW BUNKER NORTH AMERICA, INC.
OW BUNKER USA, INC.

By: *_/s/ Vincent M. DeOrchis_*
**Vincent M. DeOrchis**
**Davis Lee Wright**
**Robert E. O'Connor**
**Kaspar Kielland**
vdeorchis@mmwr.com
437 Madison Avenue, 29th Floor
New York, NY 10022
(212) 867-9500

**SERVICE LIST**

James H. Power
Arthur E. Rosenberg
Marie E. Larsen
**Holland & Knight LLP**
*Attorneys for UPT Pool Ltd., Birch Shipping Ltd.,*
*Clear lake Shipping Pte Ltd., Bonny Gas Transport Limited,*
*MT Cape Bird Tankschiffahrts GmBH, Conti 149 Conti Guinea,*
*NYK Bulk & Project Carriers Ltd., Nippon Kaisha Line Ltd.,*
*APL Co. Pte Ltd and American President Lines, Ltd.*

Bruce G. Paulsen
Brian P. Maloney
**Seward & Kissel LLP**
-and-
Daniel Guyder
Joseph Badtke - Berkow
**Allen & Overy LLP**
*Attorneys for ING Bank N. V.*

Peter S. Partee, Sr.
Michael P. Richman
Andrew Kamensky
**Hunton & Williams LLP**
*Attorneys for The Official Committee of Unsecured Creditors in*
*In re O. W. Bunker Holding North America, Inc., et al.,*
*Chapter 11 Case No. 14-51720, Bankr. D. Conn.*

Thomas H. Belknap, Jr.
Keith Letoumeau
**Blank Rome LLP**
-and-
James H. Neale
Christopher R. Hart
Michael M. Parker
Steve A. Peirce
**Fulbright & Jaworski LLP**
*Attorneys for NuStar Energy Services, Inc.*

John Keough
Casey Burlage
Corey Greenwald
**Clyde & Co.**
*Attorneys for Chemoil Latin America, Inc.*
Francis A. Montbach
Sara N. Lewis
**Mound Cotton Wollan & Greengrass**
*Attorneys for Harley Marine Services, Inc.*
*and Westoil Marine Services, Inc.*


Darren T. Azman
**McDermott Will & Emery, LLP**
*Attorneys for O.W. Bunker Germany GmbH*


George M. Chalos Kerri M. DAmbrosio
**Chalos & Co., P.C.**
*Attorneys for Exmar Shipping BVBA*


Andrea J. Pincus
Lars Forsberg Sarah Kam
**Reed Smith LLP**
*Attorneys for SHV Gas Supply & Risk Management SAS*


Peter J. Gutowski
Michael Fernandez
Gina M. Venezia
**Freehill Hogan & Mahar LLP**
*Attorneys for Hapag-Lloyd Aktiengesellschaft*


William F. Dougherty
Michael Walsh
**Burke & Parsons**
*Attorneys for OSG Ship Management, Inc. and 1372 Tanker Corp.*


3854261v5