**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UPT POOL LTD, | |
| Plaintiff, | |
| v. | Case No. 14-cv-9262 (VEC) |
| DYNAMIC OIL TRADING (SINGAPORE) PTE LTD., O W BUNKER USA INC., O.W. BUNKER NORTH AMERICA INC., O W BUNKER HOLDING NORTH AMERICA INC., HARLEY MARINE SERVICES. INC., and ING BANK N.V. | **ANSWER OF ING BANK N.V. TO THE COMPLAINT FOR INTERPLEADER** |
| Defendants. | |

Interpleader Defendant ING Bank N.V. ("ING Bank" or the "Bank") by its attorneys, Seward & Kissel LLP, answers Plaintiff UPT Pool Ltd.'s ("Plaintiff" or "UPT Pool") Complaint for Interpleader (the "Complaint") as follows:

ING Bank denies each allegation in the Complaint except as hereinafter specifically admitted.  With regard to the specific allegations in the numbered paragraphs of the Complaint, ING Bank responds as follows:

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7.      Admits the allegations in paragraph 7 of the Complaint.

8.      The allegations contained in paragraph 8 of the Complaint state conclusions of law which require no response.  To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9.      The allegations contained in paragraph 9 of the Complaint state conclusions of law which require no response.  To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10.     The allegations contained in paragraph 10 of the Complaint state conclusions of law which require no response.  To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11.     The allegations contained in paragraph 11 of the Complaint state conclusions of law which require no response.  To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12.     The allegations contained in paragraph 12 of the Complaint state conclusions of law which require no response.  To the extent a response is required, ING Bank denies

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13.     The allegations contained in paragraph 13 of the Complaint state conclusions of law which require no response.  To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22.     ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, except states that ING Bank acts as the Security Agent (the "Security Agent") under that certain USD 700,000,000 Multicurrency Revolving Borrowing Base Facilities Agreement dated as of December 19, 2013 (the "Credit Agreement"), and the related English Omnibus Security Agreement dated as of December 19, 2013 (the "Security Agreement", and together with the Credit Agreement and all other agreements related or ancillary thereto, the "Finance Documents"), each among ING Bank, Debtor defendants O.W. Bunker USA Inc., O.W. Bunker North America Inc. (together with O.W. Bunker Holding North America, Inc., the "OW Bunker Debtors"), O.W. Bunker & Trading A/S, and certain of their affiliates, including defendant Dynamic Oil Trading (Singapore) Pte. Ltd.

23.     ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, except states that ING Bank is a Security Agent under the Finance Documents.

24.     The allegations contained in paragraph 24 of the Complaint state conclusions of law which require no response.  To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, except states that ING Bank is a Security Agent under the Finance Documents.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27.     The allegations contained in paragraph 27 of the Complaint state conclusions of law which require no response.  To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29.     The allegations contained in paragraph 29 of the Complaint state conclusions of law which require no response.  To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30.     The allegations contained in paragraph 30 of the Complaint state conclusions of law which require no response.  To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31.     The allegations contained in paragraph 31 of the Complaint state conclusions of law which require no response.  To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

To the extent a response to the allegations contained in the "prayer" paragraph, including all subparts, of the Complaint is required, those allegations are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

32.     The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

33.     Plaintiff has failed to demonstrate that there is a legitimate threat posed of multiple liability for the same obligation against it in this case, under statutory interpleader, rule interpleader or otherwise.

### THIRD AFFIRMATIVE DEFENSE

34.     Plaintiff is not entitled to be discharged from its obligation to pay on its contract invoice.

### FOURTH AFFIRMATIVE DEFENSE

35.     Plaintiff is not a disinterested or nominal party, and interpleader accordingly is improper under these circumstances.

### FIFTH AFFIRMATIVE DEFENSE

36.     Recovery of attorney's fees is not permissible in this case because such recovery is not permitted by agreement between the parties, by statute or by court rule.

### SIXTH AFFIRMATIVE DEFENSE

37.     ING Bank has not knowingly or voluntarily waived any applicable affirmative defenses and reserves the right to assert, and rely upon, such additional affirmative defenses as may become available or apparent as discovery commences and progresses in this action.

### COUNTERCLAIM AND RESERVATION OF RIGHTS

1.     Interpleader Defendant ING Bank, by way of counter-claim against Interpleader Plaintiff UPT Pool Ltd. and without waiving any rights, priorities, claims, defenses, or affirmative defenses, including those mentioned above, alleges as follows:

### PRELIMINARY STATEMENT

2.     OW Bunker & Trading A/S was an international provider of marine fuels that commenced in-court restructuring proceedings at the probate court in Alborg, Denmark in November 2014.

3.      Certain other O.W. Bunker group entities have subsequently commenced insolvency proceedings in jurisdictions around the globe.

4.      ING Bank is the Security Agent under the Finance Documents.

5.      After the bankruptcy of the OW Bunker Debtors, UPT Pool and other parties brought similar interpleader actions in this Court as well as in other jurisdictions.

## FIRST COUNTERCLAIM
(against Interpleader Plaintiff UPT Pool Ltd. for the Disputed Funds)

6.      ING Bank repeats and realleges paragraphs 1 through 5, as well as its averments with respect to the allegations of the Complaint above, as if fully set forth herein.

7.      Dynamic Oil Trading (Singapore) Pte. Ltd. has, pursuant to the Finance Documents, assigned to ING Bank all of its in respect of all amounts owing by UPT Pool under its supply contracts, including unpaid invoices, totaling $316,393.64, plus interest on late payments pursuant to O.W. Bunker's standard terms and conditions (the "Disputed Funds").

8.      UPT Pool admits that it owes and has not paid any O.W. Bunker entity the Disputed Funds.

9.      UPT Pool is obligated to pay the Disputed Funds to ING Bank as assignee of Dynamic Oil Trading (Singapore) Pte. Ltd. pursuant to the Finance Documents.

## RESERVATION OF RIGHTS

10.      ING Bank repeats and realleges paragraphs 1 through 9, as well as its averments with respect to the allegations of the Complaint above, as if fully set forth herein.

11.      ING Bank reserves the right to assert additional counter- or cross-claims or defenses, as necessary, against the parties to this action, including but not limited to claims or defenses it has regarding its status as senior secured creditor in respect of customer supply receivables owing to applicable O.W. Bunker entities.  Such claims and defenses are neither

necessary nor required to be asserted herein at this stage of the proceedings.

## PRAYER

WHEREFORE, ING Bank requests that the Court enter an order finding:

(1) Plaintiff has failed to state an appropriate claim for interpleader on the particular facts and circumstances asserted herein,

(2) Plaintiff is not entitled to be discharged from liability upon its obligation to pay all amounts payable under the invoices referenced in the Complaint without setoff or reduction, and that, in any event, ING Bank should be paid the Disputed Funds,

(3) that this proceeding be dismissed with prejudice,

(4) that ING Bank be awarded judgment on its counterclaim together with its attorneys' fees, interest, costs and expenses incurred in this action, and

(5) for such other and further relief as is just and proper.

New York, New York
March 9, 2015

Respectfully submitted,

SEWARD & KISSEL LLP

By: s/ Bruce G. Paulsen
    Bruce G. Paulsen
    Brian P. Maloney
One Battery Park Plaza
New York, NY  10004
(212) 574-1200

*Attorneys for ING Bank N.V., as Security Agent*

SK 28644 0001 6349160